**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Amber Johnson and David Johnson, Jr., Respondents,

and

Danielle Gay and Samuel Ogg, Intervenors/Appellants.

In the interest of minors under the age of eighteen.

Appellate Case No. 2022-000904

———————

Appeal From Anderson County
M. Scott McElhannon, Family Court Judge

———————

Unpublished Opinion No. 2023-UP-273
Submitted July 14, 2023 – Filed July 19, 2023

———————

**AFFIRMED**

———————

Heather Vry Scalzo, of Offit Kurman, of Spartanburg, for
Intervenors/Appellants.

James Victor McDade, of Doyle Tate & McDade, PA,
and Andrew Troy Potter, both of Anderson, for

Respondent South Carolina Department of Social Services.

Thomas Harper Collins, of Harper Collins LLC, of Anderson, for Respondent David Johnson, Jr.

Nima Fiuzat, of Clemson, for Respondent Amber Johnson.

John Marshall Swails, Jr., of Greenville, for the Guardian ad Litem.

---

**PER CURIAM:** Danielle Gay (Foster Mother) and Samuel Ogg (Foster Father; collectively, Foster Parents) appeal a family court order returning custody of Amber Johnson's (Mother's) minor children (collectively, Children) to her. On appeal, Foster Parents argue the family court erred in finding a preponderance of the evidence showed (1) it was in Children's best interests to be reunited with Mother; (2) reunification between Mother and Children was delayed due to COVID-19 and Foster Parents' motion to intervene; and (3) Mother demonstrated due diligence and a commitment to remedying the causes that lead to Children's removal from her home. We affirm.

We hold a preponderance of the evidence supports the family court's finding that reunification with Mother was in Children's best interest. *See Stoney v. Stoney*, 425 S.C. 47, 62, 819 S.E.2d 201, 209 (Ct. App. 2018) ("In appeals from the family court, the appellate court reviews factual and legal issues de novo."); *Stone v. Thompson*, 428 S.C. 79, 91-92, 833 S.E.2d 266, 272 (2019) ("Even under de novo review, the longstanding principles that [family court] judges are in superior positions to assess witness credibility and that appellants must show the [family court] judge erred by ruling against the preponderance of the evidence remain applicable."); *Stoney*, 425 S.C. at 62, 819 S.E.2d at 209 ("Accordingly, [appellate courts] will affirm the decision of the family court unless its decision is controlled by some error of law or the appellant satisfies the burden of showing the preponderance of the evidence actually supports contrary factual findings by th[e appellate] court."); *Shake v. Darlington Cnty. Dep't of Soc. Servs.*, 306 S.C. 216, 221-22, 410 S.E.2d 923, 926 (Ct. App. 1991) ("[T]he best interest of the child is the primary and controlling consideration in *all* child custody controversies."). Although Foster Parents presented expert testimony that returning Children to Mother would cause trauma for Children due to their bond with Foster Parents, the

experts did not evaluate Children's bond with Mother, and both the Department of Social Services (DSS) case worker and Children's guardian ad litem (GAL) believed Children were bonded to Mother and returning Children to her custody was in Children's best interest.  *See* S.C. Code Ann. § 63-7-1680(G) (Supp. 2022) ("Before the court orders return of the child, the court must find that the changes in the home and family situation specified in . . . the [placement] plan have occurred and that the child can be safely returned to the home."); S.C. Code Ann. § 63-7-1700(D) (Supp. 2022) ("If the court determines . . . that the child may be safely maintained in the home in that the parent has remedied the conditions that caused the removal and the return of the child . . . would not cause an unreasonable risk of harm to the child's life, physical health, safety, or mental well-being, the court *shall* order the child returned to the child's parent." (emphasis added)); S.C. Code Ann. § 63-1-20(D) (2010) ("It is the policy of this State to reunite [a] child with his family in a timely manner, whether or not the child has been placed in the care of the State voluntarily.").

We hold a preponderance of the evidence supports the family court's findings that Mother demonstrated due diligence in remedying the conditions that led to Children's removal and that Foster Parents' intervention and the COVID-19 pandemic caused the delay in reunification.  *See Stoney*, 425 S.C. at 62, 819 S.E.2d at 209 (stating appellate courts "will affirm the decision of the family court unless its decision is controlled by some error of law or the appellant satisfies the burden of showing the preponderance of the evidence actually supports contrary factual findings by th[e appellate] court").  Although DSS did not recommend reunification of any children with Mother until July 2021—twenty months after Children entered foster care—it never recommended *extending* reunification past eighteen months; rather, DSS recommended *immediate* reunification at the initial permanency planning hearing for Children.  *See* S.C. Code Ann. § 63-7-1700(F) (Supp. 2022) ("[I]n no case may the *extension* for reunification continue beyond eighteen months after the child was placed in foster care." (emphasis added)).  Notably, Children's siblings, who were placed in a different foster home, returned to Mother's custody in July 2021.  However, the portion of that hearing regarding Children's permanent plan was held in abeyance because Foster Parents' attorney had court protection, and the hearing could not be rescheduled until April 2022 due to the time needed for a contested hearing.  Additionally, Mother testified the COVID-19 pandemic prevented her from completing her plan more quickly because the pandemic made it difficult for her to find housing.  Therefore, we affirm.

**AFFIRMED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.